## No. 6426.

### PAULINE BEAUREGARD vs. THEODORE LEVEAU.

The general mortgage on the property of a tutrix, in favor of her minor child, may, on the advice of a legally constituted family meeting duly homologated, be legally postponed in favor of a special mortgage on the property, executed by the tutrix in order to obtain means to make repairs, and pay taxes on the property, and provide for the proper maintenance, and education of the minor. And where the minor has enjoyed the benefit of the money borrowed by the tutrix on such special mortgage, the minor will be thereafter estopped from interfering with any rights of property acquired under said special mortgage, or derived from its foreclosure.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.*

*Julien A. Seghers* and *F. D. Seghers* for plaintiff and appellant.
*Charles Louque* for defendant and appellee.

The opinion of the court was delivered by

MANNING, C. J. In February 1873 Madame Marie Beauregard, the widow of Paul Beauregard and mother of plaintiff, presented her petition to the Second Court of this City, alleging that she was under the necessity of borrowing about two thousand dollars to pay the taxes upon her property, to defray the cost of urgent repairs of it, and to pay the expenses of educating and maintaining her only child, but that she could not obtain any loan of money because the only security she had to offer was a mortgage upon her property, and it already stood affected by the general mortgage in favor of her child (the plaintiff) resulting

from her tutrixship. She prayed the convocation of a family meeting to advise upon the propriety of granting a priority of mortgage over the child's general mortgage to any one who would lend her the required sum. The meeting was held—the result of the deliberations was that she was authorized to postpone the general mortgage of her child to the special one in contemplation—the advice of the family meeting was approved by the judge and a decree entered accordingly—and the defendant loaned her the money and she executed the mortgage.

When the child became fifteen years old, she was partially emancipated. Her mother then filed an account of the succession of her deceased husband, shewing an inventory of $9342.00 of which $4300 was the estimated value of the slaves, and the residue notes of different parties and an inconsiderable quantity of furniture. There were some charges on the other side of the account, and a balance struck, admitting an indebtedness to the plaintiff, the only heir, which was increased on her opposition to the account to $3806.50, for which she had judgment. This was in August 1874.

Leveau had already, on the maturity of the note, obtained an order of seizure and sale, and the mortgagor had appealed, but on motion of the plaintiff in the order, her appeal was set aside. The under tutor of the minor then injoined the execution of the order, and his injunction was dissolved. The sale took place and Leveau bought. In Oct. 1874 this suit was instituted. Trial was delayed until the plaintiff became fully emancipated, when she became a party, adopting all the allegations made for her in the original petition.

She alleges that she is a creditor of her mother for the sum and in the manner already set forth, and has a general mortgage upon all of her mother's property to secure the payment of her debt—that the defendant is the possessor of the property upon which her mortgage rests, under his purchase in foreclosure of his own mortgage, and she demands that he pay the judgment against her mother, or surrender the property.

The answer of the defendant is a general denial, and a special plea of all the matters recited already which postponed the mortgage of plaintiff to that of defendant—a denial that these proceedings were otherwise than regular, and if irregular, that they can be treated as absolute nullities, but must be attacked directly—and an allegation that the plaintiff's mortgage was never properly recorded. There was also pleaded *res adjudicata* in the injunction suit of the under tutor, and a charge that the judgment of plaintiff against her mother was collusive and fraudulent.

The case is stronger for defendant than Hickman v. Thompson, 24 Annual, 264 and 26 Annual, 260, cited by his counsel with the wrong volumes and the wrong pages, for in that, there were no proceedings to

postpone the minors' mortgage, nor was the money borrowed for their maintenance, or to keep the property in repair, or to prevent its sale for non-payment of taxes.

In Fontenette v. Veazey, 1 Annual, 236 where the mother and natural tutrix convoked a family meeting for the same purpose as in this case viz to postpone the minors' mortgage, to enable her to borrow money to repair her dwelling which was falling into decay and ruin, it was objected that the legal mortgage of the minors could only be removed in the mode pointed out by the Act of 1830, the Court say;— The act of 1830 presents no obstacle to the release of the tacit mortgage in favor of minors in cases like the present, nor has it reference to such cases. Among the duties which devolve upon tutors are those of providing for the maintenance, health, and personal safety of their wards, in the execution of which the property of the minor himself may be sold, and if necessary, the capital may be used. In the present instance property subject to the minors' mortgage has been sold for purposes for which their own might have been validly alienated.

The property of the paintiff's mother and tutrix in the present case, like that of Fontenette, was in need of repair, and in addition to that need unpaid taxes were hanging over it. The money borrowed was in part wanted for the conservation of the property. Without it, a sale for taxes might have accomplished its alienation, or the further progress of decay would have rendered it uninhabitable, and destroyed or decreased its value by the dilapidation of the houses. Another part of the money borrowed was needed for the education and maintenance of the child whom the mother naturally and laudably desired to fit for the active duties of life. She has received the benefit of the defendant's money, and does not propose either to return it to him, or to pay back or allow to her mother that part of it which was expended exclusively for her benefit. In the account filed by the mother there was no mention of these charges, and it was opposed by the daughter, not because it failed to charge her with her education and maintenance, but because the mother had not charged herself with one half of the price received for a slave sold after the father's death.

The formalities of law were complied with in the proceedings of the family meeting. The relatives and friends of the plaintiff advised the borrowing of the money for needful purposes. There is no pretence that it was applied wrongfully, and it is against law, and yet more against equity and good conscience, that the plaintiff should enjoy the benefits derived from the defendant's loan, and wrest from him the security specially hypothecated to secure its return, without making that return herself.

It is said by plaintiff's counsel that Fontenette's case has been overruled by Fleetwood v. Bordis, 19 Annual, 55. If so it is itself overruled.

Judgment affirmed.